UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAY S. LIVINGSTON,

    Plaintiff,

v.

OHIO BUREAU OF MOTOR VEHICLES,

    Defendant.

Case No. 2:13-CV-0047
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

Plaintiff Ray Livingston, operator of a used-car dealership in Steubenville, Ohio, brings this action. He alleges that Defendant Ohio Bureau of Motor Vehicles ("BMV" or "Defendant") improperly revoked his dealer's license. Defendant has moved to dismiss his claim. Doc. 5. For the reasons that follow, Defendant's motion to dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff, who proceeds pro se, owns and operates Ray S. Livingston Auto Sales, a used-car dealership in Steubenville, Ohio. Doc. 1. He has operated the dealership since 1981, doc. 5-2 at 21, and has done so in a building he built with his son, *id.* at 31. Plaintiff has also had trouble with Defendant before. He filed a similar action in this Court in 2003, alleging that Defendant improperly revoked his dealer's license. *See Livingston v. Ohio Bureau of Motor Vehicles*, No. 2:03-cv-00954 (S.D. Ohio March 29, 2004) (doc. 8). The district court dismissed Plaintiff's claim for lack of jurisdiction. *Id.* Plaintiff intended to appeal, but the parties settled the case in August of 2004. *Id.* at doc. 11.

Defendant had occasion to inspect Plaintiff's dealership and property again in January of 2011, which led to the current dispute. Defendant attempted to contact Plaintiff regarding the

1

inspection, but was unable to do so. Doc. 5-2 at 11. Defendant claims—and it found as a fact in a formal hearing before the Motor Vehicle Dealers Board ("the Board"), *see* doc. 5-1 at 1—that Plaintiff did not have a working phone at the time. Plaintiff contested this point in the formal hearing. *See* Doc. 5-2 at 21. Because he did not have a working phone, and because the inspection turned up several additional state-law compliance issues, Defendant cancelled Plaintiff's dealer's license in January of 2012. *See id.* at 41. The matter of Defendant's license, upon his request, came for a formal hearing before the Motor Vehicle Dealers Board on November 29, 2012. Doc. 5-1; *see also* Ohio Rev. Code § 4517.33.

After the hearing, the Board issued an adjudication order detailing its findings of fact and conclusions of law. *See* doc. 5-1. It found that various inspections revealed, among other facts, the following—the dealership, at one time, did not have a working phone, *id.* at 2; the dealership's lot was not clear of debris and trash, *id.*; the dealership was, at the time of an inspection in January of 2011, not attended by a licensed salesperson during business hours, *id.*; the dealership's office "was less than one hundred eighty feet," *id.* at 3; and the dealership was not used exclusively for selling motor vehicles, *id.* Based on these facts, the Board concluded that Plaintiff was guilty of several "violations of Section 4517.03(C) of the Ohio Revised Code and Section 4501:1-3-08 of the Ohio Administrative Code." *Id.* In its January 4, 2013 adjudication order, the Board subsequently revoked Plaintiff's license pursuant to its authority under Ohio Revised Code § 4517.33. *See* doc. 5-1 at 3.

Plaintiff then filed this action on January 17, 2013. Doc. 1. He claimed that Defendant improperly revoked his license, and that he and Defendant settled the same charges in the 2003 case. *Id.* He asked the Court to restore his license; he asked for damages; and he asked that he be allowed to keep his license until "this case comes to trial and we can receive a copy of the

2

minutes of the November Board Hearing." *Id.* Plaintiff filed an Amended Complaint and asserted that this Court has jurisdiction to hear his claim under 28 U.S.C. § 1343. Defendant then moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and Rule 12(h)(3), as well as under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 5 at 1. Plaintiff failed to respond to Defendant's motion, and the Magistrate Judge issued an Order to Show Cause for lack of prosecution. Doc. 6. Plaintiff responded to the Order and stated more clearly that he brought a "Civil Rights law suit alleging that Defendant acting under color of State Law deprived [him] of a right secured by Federal Law or the Constitution." Doc. 7. Defendant replied by reasserting the merits of its motion, and argued that Plaintiff's 1983 claim amounted to an "impermissibl[e] . . . brand new allegation." Doc. 8 at 1.

## II. DISCUSSION

### A. Rule 12(b)(1)

As a threshold issue, the Court deals first with Defendant's challenge under Rule 12(b)(1) and Rule 12(h)(3), which requires a court to dismiss an action if it lacks subject matter jurisdiction. In response to a challenge under Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted) (internal quotation marks omitted). Defendants moving under this Rule have two options—a facial attack of the pleadings, or a factual attack. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Defendant here dos not contest the facts laid out in the complaint and thus brings a facial attack. Specifically, Defendant argues that Plaintiff's complaint fails the requirement to establish this Court's jurisdiction under Rule 8(a), which mandates a complaint contain "a short and plain statement of the grounds for the

3

court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

In deciding the merits of a facial attack under 12(b)(1), "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Further, courts should hold pro se complaints to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Still, "[a] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). This means that "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Id.*

The Court reads Plaintiff's complaint to assert a claim under the Fourteenth Amendment for denial of due process. He alleges that his dealer's license was improperly revoked. Doc. 1; doc. 4 at 3. Further, Plaintiff establishes this Court's jurisdiction—at least counter to Defendant's line of argument. In his Amended Complaint, he indicates that this Court has subject matter jurisdiction over his claim under 28 U.S.C. § 1343(3). Doc. 4 at 2. That section serves as the jurisdictional provision of § 1983 claims. *See Maine v. Thiboutot*, 448 U.S. 1, 7 (1980). And § 1983, at least in general, allows suits for constitutional violations against those acting under color of law. *See, e.g., id.* at 4.

Defendant's characterization of Plaintiff's 1983 claim from his Amended Complaint as "impermissibl[e]" fails to convince. Even if the Court did not read his initial complaint as satisfying the general contours of a 1983 claim, his Amended Complaint clearly establishes the nature of his claim and how it fits with this Court's subject matter jurisdiction. Doc. 4 at 2.

4

Further, the Amended Complaint came before Defendant filed a responsive pleading and within twenty-one days of serving the first Complaint. *See* doc. 1; doc. 4. This accords with the text of Rule 15(a)(1)(A) and the case law of this Circuit. Fed. R. Civ. P. 15(a)(1)(A); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000).

## B. Sovereign Immunity

The issue of sovereign immunity needs resolved before progressing, if necessary, to Defendant's 12(b)(6) argument. Although Defendant does not raise the issue, the Sixth Circuit has held courts may examine sovereign immunity—a jurisdictional matter—*sua sponte*. *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir. 2009); *see also Wilkins ex rel. U.S. v. Ohio*, 885 F. Supp. 1055, 1067 (S.D. Ohio 1995).

The Eleventh Amendment provides sovereign immunity for states from certain lawsuits. It reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has held that this language forbids private lawsuits by citizens against their own state. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). For the purposes of this suit, "[sovereign] immunity is far reaching," in that it "bars all suits, whether for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dept. of Treas., State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1977). Further, this immunity applies not just to suits against a "State," but also those against "one of its agencies or departments." *Pennhurst*, 465 U.S. at 100.

Based on the law of sovereign immunity, the present lawsuit turns on whether Defendant—the Ohio Bureau of Motor Vehicles—qualifies as a "state agency" or "state

5

department." Ohio statutory law indicates that it is. Ohio Rev. Code § 4501.02(a) ("There is hereby created in the department of public safety a bureau of motor vehicles . . . ."). This Circuit has also held several times over that the Ohio BMV qualifies as a state agency, meaning it cannot be sued by a citizen of its own (or another) state. *See, e.g., Ferritto v. Ohio Dep't of Highway Safety*, 928 F.2d 404 (6th Cir. 1991); *Livingston v. Ohio Bureau of Motor Vehicles*, No. 2:03-cv-00954 (S.D. Ohio March 29, 2004) (doc. 8); *Carson v. Ohio*, No. 2:01-cv-430, 2002 WL 484547, at *2 (S.D. Ohio Feb. 20, 2002); *Nat'l Van Conversion Ass'n, Inc. v. Ohio Bureau of Motor Vehicles*, No. C2-87-1291, 1988 WL 561371 (S.D. Ohio July 26, 1988). Applied here, the law of sovereign immunity bars Plaintiff's suit against Defendant Ohio Bureau of Motor Vehicles.

Although exceptions to sovereign immunity exist, none of them applies to this case. As one exception, the Eleventh Amendment does allow a suit for injunctive relief against a state official. *Ex Parte Young*, 209 U.S. 123, 167 (1908). But Plaintiff has only sued the BMV, not any additional officials. As another, a state could waive sovereign immunity by consenting to a suit in federal court. *See, e.g., Green v. Mansour*, 474 U.S. 64, 68 (1985). That has not happened here—the State must do so "by the most express language," *Edelman v. Jordan*, 415 U.S. 651, 673 (1974), and no applicable Ohio statute meets that bar, *see Ohio v. Madeline Marie Nursing Homes No. 1 & No. 2*, 694 F.2d 449, 460 (6th Cir. 1982) ("[T]he Ohio Court of Claims Act amounted to a waiver of sovereign immunity only for claims which were themselves determined in the Ohio Court of Claims, but acted as no waiver for actions brought in a federal court"). As a final option, Congress can abrogate a state's sovereign immunity. *Kimel*, 528 U.S. at 73. But a claim under § 1983 does not do so. *See Quern v. Jordan*, 440 U.S. 332, 339–42 (1979).

6

Thus, because sovereign immunity applies without an exception, Plaintiff's claim against the Ohio BMV fails, and is dismissed, for lack of subject matter jurisdiction. However, Plaintiff appears pro se and does not appear to understand the requirements of the Federal Rules of Civil Procedure, nor the complexities of sovereign-immunity law. Therefore, the Court dismisses this action without prejudice to the assertion of claims against parties over whom the Court would have jurisdiction. *See Livingston v. Ohio Bureau of Motor Vehicles*, No. 2:03-cv-00954 (S.D. Ohio March 29, 2004) (reaching the same conclusion, *see* doc. 8 at 4).

### III. CONCLUSION

For the reasons above, Defendant's Motion to Dismiss the Complaint is **GRANTED**. This case is **DISMISSED** without prejudice. The Clerk is directed to enter **FINAL JUDGMENT** in this action.

**IT IS SO ORDERED.**

9-18-2013
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

7